UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSICA SANCHEZ, on behalf of herself and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>AEROGROUP RETAIL HOLDINGS, INC., Delaware Corporation doing business in California, and DOES 1-50,<br><br>Defendants. | Case No.: 12-CV-05445-LHK<br><br>ORDER DENYING MOTION TO REMAND |

Before the Court is Plaintiff Jessica Sanchez's ("Plaintiff") Motion to Remand. *See* ECF No. 14 ("Motion" or "Mot."). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without a hearing. Accordingly, the May 2, 2013 hearing on Plaintiff's Motion is VACATED. However, the Court will hear Defendant Aerogroup Retail Holdings, Inc.'s ("Defendant") Motion to Dismiss (ECF No. 7) and the Case Management Conference on May 2, 2013 as previously scheduled. Having considered the parties' submissions and the relevant case law, the Court DENIES Plaintiff's Motion.

**I.   BACKGROUND**

For the purposes of resolving Plaintiff's Motion, the following facts are relevant. Plaintiff filed her Complaint in this matter on July 19, 2012. *See* Declaration of Kelly Ann Buschman in

1  Support of Plaintiff's Motion to Remand ("Buschman Decl."), Ex. B ("Complaint"). Plaintiff
2  served Defendant with the Complaint on July 20, 2012. *See* Buschman Decl., Ex. A.
3         Plaintiff's Complaint alleged a putative class action based on Defendant's failure to
4  reimburse Plaintiff and other similarly situated workers for certain necessary expenditures and
5  Defendant's failure to pay Plaintiff and other class members the minimum wage. *See e.g.* Compl.
6  ¶¶ 6-7. Plaintiff alleged causes of action for: (1) unlawfully requiring employees to patronize the
7  employer under California Labor Code § 450(a), *see id.* ¶¶ 27-31; (2) failing to reimburse
8  employees for necessary expenditures in violation of California Labor Codes § 2802 and IWC
9  Wage Order 4-2001(9), *see id.* ¶¶ 46-51; (3) failure to pay minimum wage for all hours worked in
10 violation of California Labor Code §§ 1194, 1194.2, 1197, 1197.1, *see id.* ¶¶ 52-60; and (4)
11 violation of Business and Professions Code § 17200 *et seq.*, *see id.* ¶¶ 61-65.
12        On July 18, 2012, two days before Plaintiff served the Complaint on Defendant, Plaintiff
13 served Defendant with a copy of a letter to the California Labor and Workforce Development
14 Agency ("LWDA") requesting a right to include a claim under California's Private Attorney
15 General Act ("PAGA") in a future amended complaint. *See* ECF No. 24 ("Reply") at 1-2 (citing
16 ECF No. 25 (Declaration of Kelly Ann Buschman in Support of Plaintiff's Reply in Support of
17 Plaintiff's Motion to Remand) ("Buschman Reply Decl."), Ex. A (letter to LWDA cc'ing
18 Defendant)). On August 15, 2012, the parties entered into a stipulation pursuant to which the
19 parties agreed to extend Defendant's deadline to respond to the Complaint so that Plaintiff could
20 receive a response from the LWDA regarding whether Plaintiff would be permitted to amend the
21 Complaint to allege a PAGA claim. *See* Buschman Reply Decl., Ex. B. On August 27, 2012,
22 Plaintiff's counsel forwarded Defense counsel a draft of Plaintiff's First Amended Complaint,
23 which included a PAGA claim. *See id.*, Ex. C. Defendant reviewed the First Amended Complaint
24 and provided comments on the same date. *See id.*
25        Plaintiff filed and served her First Amended Complaint on Defendant on September 20,
26 2012. *See* ECF No. 22 ("Opposition" or "Opp'n") at 2; Notice of Removal, Ex. G ("FAC").[1]

---
[1] The Court notes that the FAC was signed by Plaintiff's attorney Kelly Ann Buschman on September 19, 2012, and not September 20, 2012. *See* FAC at 16. Moreover, there is no proof of service attached to the FAC showing that the FAC was served on September 20, 2012. However,

Defendant removed this action to this Court on Monday, October 22, 2012. *See* ECF No. 1 ("Notice of Removal").[2]

On November 19, 2012, Plaintiff filed her Motion to Remand. Defendant filed its Opposition on December 3, 2012. Plaintiff filed her Reply on December 10, 2012. On December 14, 2012, the Court granted a stipulation filed by the parties permitting Defendant to file a Sur-Reply to address certain arguments regarding PAGA raised for the first time in Plaintiff's Reply. ECF No. 30. Defendant filed its Sur-Reply on December 18, 2012. ECF No. 31 ("Sur-Reply").

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had original subject matter jurisdiction over the claims. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

With respect to the timing of removal, 28 U.S.C. § 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding [must] be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

---

Plaintiff has not contested Defendant's representation that the FAC was filed and served on September 20, 2012. Accordingly, the Court accepts September 20, 2012 as the correct date.
[2] The 30th day from September 20, 2012 is October 20, 2012. However, October 20, 2012 was a Saturday. The first business day following October 20, 2012 was Monday October 22, 2012.

3
Case No.: 12-CV-05445-LHK
ORDER DENYING MOTION TO REMAND

"The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Consequently, "[t]he defendant bears the burden of establishing that removal is proper," *id.*, and "any doubt about the right of removal requires resolution in favor of remand," *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III. DISCUSSION

In Plaintiff's Motion, Plaintiff argues that this case should be remanded because Defendant failed to remove the case within 30 days of becoming aware that a basis for federal jurisdiction existed, and accordingly, Defendant's removal was not timely under 28 U.S.C. § 1446. *See* Mot at 3; 28 U.S.C. § 1446. The Court disagrees.

This action was removed on the basis of federal diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal at 4. There are two requirements for diversity jurisdiction: (1) diversity of citizenship; and (2) the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332. It is undisputed, that the first requirement, diversity of citizenship, is met, and has been met, since the filing of the Complaint as the Complaint alleges that Plaintiff is a citizen of California and that Defendant is a citizen of Delaware. Compl. ¶¶ 3-4. The dispute in this case turns on when it became clear that the second requirement, the amount in controversy requirement, was also satisfied.

Plaintiff argues that the original Complaint, which was served on Defendant on July 20, 2012, *see* Buschman Decl., Ex. A, put Defendant on notice that the amount in controversy was likely to exceed $75,000, s*ee* Mot. at 3-4. Accordingly, Plaintiff argues that Defendant should have removed this action no later than August 20, 2012. *See id.* In support of this argument, Plaintiff observes that the Complaint included a cause of action for violation of Section 1197. *See* Mot. at 5. Plaintiff contends that the remedies for that cause of action include damages of $100 "for each underpaid employee for each pay period for which the employee is underpaid" and $250 "for each underpaid employee for each pay period for" each subsequent violation. *Id.* at 5 (quoting Cal. Lab. Code § 1197.1); Compl. ¶ 59 (same). Plaintiff contends that Defendant was on notice that there are 60 employees within the putative class and 26 pay periods within a year. *See*

4

1    Mot. at 2 (citing Notice of Removal at 8).  Accordingly, Plaintiff argues, that Defendant could have

2    determined from the Complaint that the potential damages for all class members could amount to

3    $381,000[3], well over the $75,000 minimum for diversity jurisdiction.  *See id.* at 5.  Consequently,

4    Plaintiff argues that Defendant should have removed the action by August 20, 2012, 30 days after

5    being served with the Complaint.

6    Plaintiff's argument fails.  As observed by Defendant, it is well established that the $75,000

7    amount in controversy requirement necessary for diversity jurisdiction generally may not be met by

8    aggregating damages among putative class members.  Opp'n at 3; *See e.g. Snyder v. Harris*, 394

9    U.S. 332 (1969) (holding that claims of putative class members could not be aggregated for

10   purposes of calculating the amount in controversy); *In re Ford Motor Co./Citibank (S. Dakota),

11   N.A.*, 264 F.3d 952, 963 (9th Cir. 2001) (holding that "punitive damages asserted on behalf of a

12   [putative] class [could] not be aggregated for jurisdictional purposes where… the underlying cause

13   of action asserted on behalf of the class is *not* based upon a title or right in which the plaintiffs

14   share, and as to which they claim, a common interest").  Indeed, "aggregation is appropriate only

15   where a defendant 'owes an obligation to the group of plaintiffs as a group and not to the

16   individuals severally.'"  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 944 (9th Cir. 2001), holding

17   modified on other grounds by *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

18   As explained in *In re Ford*, the "paradigm cases" involving a common interest or a group

19   obligation are those that involve an "indivisible res, such as an estate, a piece of property (the

20   classic example), or an insurance policy" such that the "matter[]…cannot be adjudicated without

21   implicating the rights of everyone involved with the res."  *Id.*, 264 F.3d at 959 (internal citation

22   omitted).  In contrast, where a class action seeks to enforce rights which class members hold

23   individually and may enforce through individual actions, the common interest exception is not met.

24   *See id.* at 962 (holding that the common interest exception to the aggregation rule was not met

25   where "[e]ach [credit] cardholder could have brought a separate and individual action to recover…

26   benefits" associated with rebate program").

---

[3] The $381,000 is derived by adding the damages for the initial violation in the first pay period ($100 x 60 employees = $6,000) and the damages from the subsequent violations in the following 25 pay periods ($250 x 60 x 25 = $375,000).

Here, Plaintiff's minimum wage claim under Section 1197 seeks to recover amounts owed to class members in their individual capacity, amounts which class members could seek to recover through individual actions. Indeed, in Plaintiff's Reply, Plaintiff does not argue that the common interest exception applies or offer any response as to why Defendant could have aggregated class members' Section 1197 damages to meet the jurisdictional requirement. Given the individual nature of class members' rights under Section 1197, the Court finds that aggregation of the potential damages associated with Plaintiff's Section 1197 claim would not have been appropriate. *See Wastier v. Schwan's Consumer Brands*, 07CV1594, 2007 WL 4277552, at *2-3 (S.D. Cal. Dec. 5, 2007) (recognizing that "when a group of employees sues to recover wages or other benefits, courts usually deny aggregation," and remanding on the grounds that defendant erred in aggregating putative class members' damages in order to meet the amount in controversy requirement). Accordingly, the Court concludes that Plaintiff's inclusion of claims under Section 1197 in the original Complaint did not provide a basis for Defendant to remove the action earlier.

In Plaintiff's Reply, Plaintiff offers, for the first time, an alternative theory as to why this case could have been removed earlier. Specifically, Plaintiff argues that, on July 18, 2012, Plaintiff sent Defendant a copy of a letter to the California Labor and Workforce Development Agency requesting the right to included a claim under California's Private Attorney General Act ("PAGA") in Plaintiff's FAC. *See* Reply at 1-2 (citing Buschman Reply Decl., Ex. A). Moreover, by August 27, 2012, Defendant had reviewed Plaintiff's proposed FAC, which included the PAGA claim. *See* Buschman Reply Decl, Ex. C (e-mail between Plaintiff's counsel and Defense counsel discussing FAC and noting that it includes a PAGA claim); FAC ¶¶ 63-67 (seeking penalties under PAGA). Unlike damages for other types of claims, damages on behalf of aggrieved workers under PAGA may be aggregated for jurisdictional purposes. *See e.g. Lopez v. Ace Cash Express, Inc.*, LA CV11-04611 JAK, 2012 WL 1655720, at *5 (C.D. Cal. May 4, 2012) (holding that PAGA damages fall under an exception to the non-aggregation rule "[b]ecause the source of a PAGA plaintiff's claim is his interest in acting as the LWDA's proxy on behalf of all aggrieved employees"). Accordingly, Plaintiff argues that, because Defendant had notice of Plaintiff's PAGA claim by at least August 27, 2012 (when Defendant reviewed the FAC), Defendant should

6

1   have filed its Notice of Removal within 30 days.  *See* Reply at 4 (citing *Babasa v. LensCrafters,*
2   *Inc.*, 498 F.3d 972, 974 (9th Cir. 2007)).

3   Plaintiff's argument fails.  In support of Plaintiff's argument, Plaintiff relies on *Babasa*, 498
4   F.3d 972.  In *Babasa*, the Ninth Circuit held that a letter from plaintiff's counsel to defense counsel
5   regarding settlement, which indicated that plaintiff intended to seek damages totaling
6   approximately $9.5 million, was sufficient to put defendant on notice that plaintiff's action met the
7   jurisdictional requirement.  *Id.*  The *Babasa* Court reasoned that 28 U.S.C. § 1446(b)(3) provides
8   that a "notice of removal [may be filed]… within thirty days after receipt ... of a copy of an
9   amended pleading, motion, order or *other paper* from which it may first be ascertained that the
10  case is one which is or has become removable." *id.* at 974 (quoting 28 U.S.C. § 1446(b)(3))
11  (emphasis added).  The *Babasa* court held that, because the defendant was put on notice of the
12  amount in controversy when it received the settlement letter, it should have removed earlier and
13  therefore the defendant removal effort was untimely.  *Id.* at 975.

14  *Babasa* is distinguishable.  While it is not discussed explicitly, it appears that the claims
15  giving rise to the damages in *Babasa* were already included in the operative complaint at the time
16  the settlement letter was sent.  *Id.* at 973 (stating that plaintiff's complaint was filed on April 4,
17  2005, plaintiff's amended complaint was filed in September 2005, and that the settlement letter was
18  mailed on December 5, 2005).  In contrast, in the present case, Plaintiff is arguing that Defendant
19  should have removed the case earlier because it knew that Plaintiff *intended* to file an amended
20  complaint that included a PAGA claim that met the $75,000 jurisdictional requirement.

21  Where, as here, the plaintiff has not yet amended the complaint to include a claim which
22  confers federal jurisdiction, courts have held that it would be premature to remove the case.  *Mejia*
23  *v. Prologix Distribution Servs. (W.), LLC*, 12-CV-4840 YGR, 2012 WL 5522309, at *5 (N.D. Cal.
24  Nov. 14, 2012) (remanding case as prematurely removed where Plaintiff had sent a PAGA notice
25  letter but Complaint had not yet been amended to add PAGA claim); *Torres v. Chevron U.S.A.,*
26  *Inc.*, C 04-2523 SBA, 2004 WL 2348274 (N.D. Cal. Oct. 18, 2004) (holding that, while "[t]he
27  Ninth Circuit has not ruled on the issue... [numerous] courts… have found that removal on the
28  basis of federal claims asserted in a motion to amend the complaint, prior to the court's ruling on

7

the motion, is premature."); *Desmond v. BankAmerica Corp.*, 120 F. Supp. 2d 1201, 1204 (N.D. Cal. 2000) (holding that "removal jurisdiction based on an amended pleading arises only after the subsequent pleading becomes operative) (citing *Sullivan v. Conway,* 157 F.3d 1092, 1094 (7th Cir.1998)).  Thus, because the FAC asserting the PAGA claim was not actually *filed*, until September 20, 2012, and Defendant removed within 30 days of this date, the Court finds that Defendant's removal of this action was not untimely.

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Remand.

**IT IS SO ORDERED.**

Dated: April 25, 2013

_____
LUCY H. KOH
United States District Judge

8
Case No.: 12-CV-05445-LHK
ORDER DENYING MOTION TO REMAND