**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             NORTHERN DISTRICT OF CALIFORNIA

10                                    SAN JOSE DIVISION

11   JESSICA SANCHEZ, on behalf of herself and     )    Case No.: 12-CV-05445-LHK
     all others similarly situated,                )
12                                                 )    ORDER GRANTING IN PART AND
                         Plaintiff,                )    DENYING IN PART MOTION TO
13                                                 )    DISMISS
            vs.                                    )
14                                                 )
     AEROGROUP RETAIL HOLDINGS, INC.,              )
15   Delaware Corporation doing business in        )
     California, and DOES 1-50,                     )
16                                                 )
                         Defendants.               )
17   _____        )

18

19          Before the Court is Defendant Aerogroup Retail Holding's Motion to Dismiss.  *See* ECF

20   No. 7 ("Motion" or "Mot.").  Having considered the parties' submissions, the relevant case law,

21   and the May 2, 2013 hearing, the Court GRANTS IN PART AND DENIES IN PART Defendant's

22   Motion.  Specifically, the Court dismisses Plaintiff's first cause of action without leave to amend

23   and Plaintiff's fourth cause of action with leave to amend.  The Court denies Defendant's Motion

24   to Dismiss as to Plaintiff's third cause of action.

25   **I.      BACKGROUND**

26          Plaintiff Jessica Sanchez's ("Plaintiff") alleges that she was employed by Defendant.  *See*

27   ECF No. 1, Ex. G ("FAC") ¶ 5.  Plaintiff alleges that Defendant required Plaintiff and all other

28   female employees to purchase Defendant's Aerosoles footwear from Defendant as a condition of

                                                   1
     Case No.: 12-CV-05445-LHK
     ORDER GRANTING IN PART AND DENYING IN PART

United States District Court
For the Northern District of California

1    their employment. *Id.* ¶ 11. Plaintiff alleges that she was required to purchase at least eight pairs

2    of shoes. *Id.* Plaintiff alleges that she received no reimbursement for these purchases. *Id.* ¶ 17.

3         On July 19, 2012, Plaintiff filed a Complaint in Santa Clara Superior Court alleging that

4    Defendant's conduct violated a number of laws. *See* ECF No. 1, Ex. A ("Complaint"). Plaintiff

5    filed her First Amended Complaint on September 20, 2012. In the FAC, Plaintiff alleges causes of

6    action for: (1) unlawfully requiring employees to patronize the employer under California Labor

7    Code § 450(a), *see* FAC ¶¶ 34-38; (2) failing to reimburse employees for necessary expenditures in

8    violation of California Labor Code § 2802 and IWC Wage Order 4-2001(9), *see id.* ¶¶ 39-44; (3)

9    failing to pay minimum wage for all hours worked in violation of California Labor Code §§ 1194,

10   1194.2, 1197, 1197.1, *see id.* ¶¶ 45-53; (4) waiting penalties under California Labor Code § 203,

11   *see id.* ¶¶ 54-57; (5) violating Business and Professions Code § 17200 *et seq.*, *see id.* ¶¶ 58-62; and

12   (6) penalties pursuant to California's Private Attorney General Act ("PAGA"), Cal. Lab. Code §

13   2698 *et seq.*, *see id.* ¶¶ 63-67.

14        Defendant removed this action to this Court on Monday, October 22, 2012. *See* ECF No. 1

15   ("Notice of Removal"). On October 29, 2012, Defendant filed its Motion to Dismiss. Plaintiff

16   filed her Opposition on November 19, 2012. ECF No. 13 ("Opposition" or "Opp'n"). Defendant

17   filed its Reply on November 26, 2012. ECF No. 20 ("Reply"). On December 11, 2012, the Court

18   granted a stipulation filed by the parties permitting Plaintiff to file a Sur-Reply to address certain

19   issues raised in Defendant's Reply. ECF No. 26. Defendant filed its Sur-Reply on December 13,

20   2012. ECF No. 27 ("Sur-Reply").

21   **II.     LEGAL STANDARD**

22        **A.     Rule 12(b)(6)**

23        Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an

24   action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

25   *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

26   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

27   defendant is liable for the misconduct alleged. The plausibility standard is not akin to a

28   'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

2

Case No.: 12-CV-05445-LHK
ORDER GRANTING IN PART AND DENYING IN PART

**United States District Court**
For the Northern District of California

1    unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).  For purposes

2    of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true

3    and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St.*

4    *Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

5         Nonetheless, the court need not accept as true allegations contradicted by judicially

6    noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may

7    look beyond the plaintiff's complaint to matters of public record" without converting the Rule

8    12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.

9    1995).  Nor is the court required to "'assume the truth of legal conclusions merely because they are

10   cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)

11   (per curiam) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  Mere

12   "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to

13   dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

14   Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish

15   that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir.

16   1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

17        **B.     Leave to Amend**

18        Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely

19   given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate

20   decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith,* 203 F.3d

21   1122, 1127 (9th Cir.2000) (en banc) (internal citations, quotation marks, and alterations omitted).

22   When dismissing a complaint for failure to state a claim, "'a district court should grant leave to

23   amend even if no request to amend the pleading was made, unless it determines that the pleading

24   could not possibly be cured by the allegation of other facts.'" *Id.* at 1127 (quoting *Doe v. United*

25   *States,* 58 F.3d 494, 497 (9th Cir. 1995)).

26        Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue

27   delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by

28   amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of

3

Case No.: 12-CV-05445-LHK
ORDER GRANTING IN PART AND DENYING IN PART

United States District Court

For the Northern District of California

1   amendment.' " *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 892–93 (9th Cir.2010)

2   (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)) (alterations in

3   original).  "[W]here the plaintiff has previously been granted leave to amend and has subsequently

4   failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to

5   amend is particularly broad.'" *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th

6   Cir.2009) (quoting *In re Read–Rite Corp.,* 335 F.3d 843, 845 (9th Cir.2003)).  Indeed, repeated

7   failure to cure a complaint's deficiencies by previous amendment is reason enough to deny leave to

8   amend.  *Abagninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 742 (9th Cir.2008) (citing *Foman,* 371

9   U.S. at 182; *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990)).

10   **III.    DISCUSSION**

11          In Defendant's Motion, Defendant moves to dismiss Plaintiff's: (1) first cause of action

12   alleging that Defendant unlawfully required its employees to purchase its products in violation of

13   California Labor Code § 450; (2) third cause of action alleging that Defendant failed to pay

14   minimum wages for all hours worked in violation of California Labor Code §§ 1194, 1194.2, 1197,

15   and 1197.1; and (3) fourth cause of action for a violation of California Labor Code § 203.  The

16   Court will address each cause of action in turn.  However, before proceeding to the substantive

17   arguments regarding each cause of action, the Court must address an argument, raised by

18   Defendant in its Reply, that Plaintiff's Opposition must be disregarded because it was untimely.

19   Reply at 1-3.

20          **A.      Timeliness of Defendant's Opposition**

21          Defendant argues that Plaintiff's Opposition was not timely filed and therefore should be

22   disregarded.  *See id.*  The Court is not persuaded.

23          Defendant filed its Motion on October 29, 2012.  Plaintiff's deadline to respond to the

24   Motion was November 12, 2012.  *See* Northern District of California Local Rule 7-3(a).

25          When Defendant filed its Motion, the matter was before Magistrate Judge Howard R.

26   Lloyd.  However, on October 31, 2012, Defendant declined to consent to Magistrate Judge Lloyd's

27   jurisdiction, and accordingly, the matter was transferred to the undersigned judge.  ECF Nos. 8-10.

28   Due to the transfer, Defendant was required to re-notice its Motion.  ECF No. 10.  Defendant filed

4

United States District Court
For the Northern District of California

1       an Amended Notice in support of the Motion on November 9, 2012.  ECF No. 11.  Under the Local

2       Rules, Plaintiff's deadline to respond to the Motion remained the same, November 12, 2012.  *See*

3       Local Rule 7-7(d).

4              Plaintiff's counsel states that she calendared the deadline to file a response based on the

5       Amended Notice date and not based on the date on which the Motion was filed.  *See* ECF No. 28

6       (Declaration of Kelly Ann Buschman in Support of Plaintiff's Surreply) ¶ 3.  Plaintiff states that

7       she was led to believe that the deadline to file the Opposition had been changed based on an ECF

8       Notice indicating that the deadlines relating to the Motion to Dismiss had been "[r]eset."  *Id.*, Ex. A

9       (ECF Notice Dated November 9, 2012).  Accordingly, Plaintiff's counsel believed Plaintiff had

10      until November 23, 2013 to file a response.  Plaintiff filed her Opposition on November 19, 2013.

11             The Court finds that Plaintiff's counsel's mistake was the result of excusable neglect and

12      that Defendant has not been prejudiced by the late filing of Plaintiff's Opposition.  Accordingly,

13      the Court grants Plaintiff an extension of her deadline to respond and declines to disregard the

14      Opposition.  *See* Fed. R. Civ. P. 6 ("When an act may or must be done within a specified time, the

15      court may, for good cause, extend the time… on motion made after the time has expired if the party

16      failed to act because of excusable neglect.").

17      **B.      First Cause of Action Under California Labor Code § 450**

18             Plaintiff's first cause of action alleges that Defendant unlawfully required its employees to

19      purchase Defendant's products in violation of California Labor Code § 450 ("Section 450 Claim").

20      FAC ¶¶ 34-48.  Section 450 provides that "[n]o employer, or agent or officer thereof, or other

21      person, may compel or coerce any employee, or applicant for employment, to patronize his or her

22      employer, or any other person, in the purchase of any thing of value."  Defendant argues that

23      Plaintiff's Section 450 Claim fails because Section 450 does not establish a private right of action.

24      The Court agrees.

25             As recognized by the California Supreme Court in *Lu v. Hawaiian Gardens Casino, Inc.*,

26      "[a] violation of a state statute does not necessarily give rise to a private cause of action." 50 Cal.

27      4th 592, 596 (2010) (internal citations omitted).  "Instead, whether a party has a right to sue

28      depends on whether the Legislature has 'manifested an intent to create such a private cause of

5

1    action' under the statute." *Id.* (quoting *Moradi–Shalal v. Fireman's Fund Ins. Companies*, 46

2    Cal.3d 287, 305 (1988)).  "Such legislative intent, if any, is revealed through the language of the

3    statute and its legislative history."  *See id.* (citing *Moradi–Shalal*, 46 Cal.3d at 305).

4         Generally, in order to infer a private right of action, the Legislature's expression of its

5    intent must be clear.  *See id.* at 597 (holding that the Legislature may reveal its intent through

6    "obvious language" in the statute, *i.e.* language which "expressly state[s]" that individuals have a

7    cause of action or refers "to a remedy or means of enforcing [the statute's] substantive

8    provisions… by way of an action"); *id.* at 600 (rejecting plaintiff's argument that he had a private

9    right of action under California Labor Code § 351 in part because there was no "clear indication"

10   in the legislative history that the Legislature intended to create such a right).  "If… the Legislature

11   expressed no intent on the matter either way, directly or impliedly, there is no private right of

12   action…."  *Harris v. Vector Mktg. Corp.*, C-08-5198 EMC, 2010 WL 2077015, at *2 (N.D. Cal.

13   May 20, 2010) (quoting *Animal Legal Def. Fund v. Mendes*, 160 Cal. App. 4th 136, 142 (2008)).[1]

14        The Court is aware of only one decision addressing whether Section 450 creates a private

15   right of action.  Specifically, the Northern District of California in *Harris*.[2]  In *Harris*, the Court

16   following *Moradi-Shalal* focused its inquiry on whether the Legislature intended to create a private

17   right of action.  *See id.*, 2010 WL 2077015 at *1-2.  The *Harris* Court reasoned that there was

18   "nothing in the explicit language of the statute to suggest" that the Legislature intended for Section

19

20   _____

     [1] Some Courts have indicated that a statute may be determined to create a private right of action
     even absent clear evidence of legislative intent in the statutory text or legislative history if
21   "compelling reasons of public policy… require judicial recognition of a [private] right" of action.
     *Harris*, 2010 WL 2077015 at *2 (quoting *Animal Legal Def. Fund*, 160 Cal. App. 4th at 142).
22   Plaintiff has not argued that this exception applies.
     [2] As noted in *Harris*, the California Court of Appeal previously found that Section 450 did not
23   create a private right of action in *Lu v. Hawaiian Gardens Casino, Inc.,* 170 Cal. App. 4th 466
     (2009).  *See Harris* 2010 WL 2077015 at 1 (discussing *Lu*).  In *Lu*, the Court of Appeal also found
24   that California Labor Code § 351 did not create a private right of action.  *Lu,* 170 Cal. App. 4th at
     354-55.  The Court of Appeal's decision in *Lu* was superseded when the California Supreme Court
25   granted review.  *See Lu v. Hawaiian Gardens Casino, Inc.,* 207 P.3d 506 (2009).  The California
     Supreme Court, however, limited the issue on appeal to whether Section 351 creates a private right
26   of action.  *Id.*  The California Supreme Court did not include the Section 450 claim as part of the
     appeal.  *Id.*  The California Supreme Court ultimately found that the California Court of Appeal
27   was correct in concluding that Section 351 did not create a private right of action.  *Lu*, 50 Cal. 4th
     at 596.  Nevertheless, the Court of Appeal's judgment, which included its decision with respect to
28   Section 450, remains superseded and therefore not citable.

                                                    6
     Case No.: 12-CV-05445-LHK
     ORDER GRANTING IN PART AND DENYING IN PART

United States District Court
For the Northern District of California

1   450 to create a private right of action.  *Id.* at *3.   The *Harris* Court also observed that the plaintiff

2   failed to identify any legislative history supporting her position that Section 450 created a private

3   right of action.  *Id.* at *4.  Accordingly, the *Harris* Court held that Section 450 did not create a

4   private right of action.  *Id.* at *5.

5          This Court agrees with the *Harris* Court that Section 450 does not create a private right of

6   action.  As set forth *supra*, Section 450 provides that "[n]o employer, or agent or officer thereof, or

7   other person, may compel or coerce any employee, or applicant for employment, to patronize his or

8   her employer, or any other person, in the purchase of any thing of value."  Cal. Lab. Code § 450(a).

9   Nothing in this language explicitly authorizes a private right of action by an employee or applicant.

10  *See Harris*, 2010 WL 2077015 at *3.  Moreover, California Labor Code § 451 provides that any

11  person who violates Section 450 is guilty of a misdemeanor.  *See id.* ("Any person, or agent or

12  officer thereof, who violates this article is guilty of a misdemeanor").  This reference suggests that

13  Section 450 was meant to create criminal liability and not authorize a civil suit by private citizens.

14  Finally, Plaintiff has not directed the Court to any legislative history indicating that the Legislature

15  intended for Section 450 to create a private right of action (*see id.*), and this Court's review of the

16  available legislative history did not reveal such an intent.  Thus, neither "the language of the statute

17  [nor] its legislative history" reveal an intent that Section 450 be construed as providing a private

18  right of action.  *Lu*, 50 Cal. 4th at 596.

19         Plaintiff, nevertheless, argues that Section 450 should be construed as creating a private

20  right of action because Section 450 "applies to compelled purchase[s] of clothing… [for]

21  uniforms" and payments for uniforms constitute wages.  Opp'n at 1 (citing *Dep't of Indus.*

22  *Relations v. UI Video Stores, Inc.* ("*UI Video*"), 55 Cal. App. 4th 1084, 1091-92 (1997)).  Plaintiff

23  argues that California Labor Code § 218 provides that "[n]othing in this article shall limit the right

24  of *any wage* claimant to sue directly or through an assignee for *any wages* or penalty due him

25  under this article."  Opp'n at 2-3 (quoting Cal. Lab. Code § 218) (emphasis added).  Plaintiff

26  argues that, because Plaintiff's expenditures on Aerosoles shoes may be characterized as a

27  component of her wages, the aforementioned language in Section 218 "prohibit[s]" the Court from

28  construing Section 450 as not including a private right of action.  *See id.* (arguing that "[t]o infer

7

Case No.: 12-CV-05445-LHK
ORDER GRANTING IN PART AND DENYING IN PART

1    silence from [Section 450] as an intention not to create a private right of action would contradict

2    that which [Section 218] expressly prohibited, a limitation on the right to sue for wages owed.").

3    The Court is not persuaded by Plaintiff's argument.

4    "Labor Code Section 218 authorizes an employee or his or her assignee to 'sue directly' for

5    any unpaid wages or penalty owed under the Labor Code." *Benitez v. Wilbur*, CVF 08-1122 LJO

6    GSA, 2009 WL 498085, at *4 (E.D. Cal. Feb. 26, 2009) (internal alterations omitted) (quoting

7    *Sampson v. Parking Serv. 2000 Com, Inc.*, 117 Cal. App. 4th 212, 220 (2004)).  However, it does

8    not necessarily follow that Section 450 permits a private right of action.

9    Section 450 does not expressly address wages.  Rather, Section 450 prohibits an employer

10    from "compel[ling] or coerc[ing]" employees and applicants for employment to purchase product

11    from the employer.  Cal. Lab. Code § 450.  While Section 450 might broadly be said to protect

12    wage earners, by preventing them from expending their wages on compelled purchases, it does not

13    provide an express right to wages.  The primary reason Plaintiff contends that Plaintiff's Section

14    450 claim may be characterized as seeking wages is that the particular item Plaintiff was required

15    to purchase, Aerosoles shoes, arguably constituted a part of Plaintiff's uniform[3], and, in certain

16    cases, California courts have described reimbursements for purchases of uniforms as a form of

17    compensation or wages.  Opp'n at 1 (citing *UI Video Stores, Inc.*, 55 Cal. App. 4th at 1091-92

18    (1997)).  However, not every Section 450 claim involves the purchase of a uniform.  Moreover,

19    Section 450 applies not only to employees, but also to "applicant[s] for employment" who have

20    been compelled to make purchases.  Cal. Lab. Code § 450.  Applicants for employment are

21    generally not owed wages, and therefore, with respect to these individuals, a claim under Section

22    450 would not be an "action to recover wages." *Benitez*, 2009 WL 498085 at *4.  Given that

23    Section 450 does not necessarily provide a right to wages, the Court cannot discern a clear intent

24    by the Legislature to provide a private right of action under Section 450 based on the fact that

25    "Section 218 authorizes an employee… [to sue] for… unpaid wages." *Id.*; *see Lu*, 50 Cal. 4th at

26

27    _____

[3] At the May 2, 2013 hearing, Defendant stated that Defendant does not agree that Plaintiff's
28    Aerosoles shoes are part of Plaintiffs uniform.  However, Defendant is not disputing that fact for
the purposes of the instant Motion to Dismiss.

8

Case No.: 12-CV-05445-LHK
ORDER GRANTING IN PART AND DENYING IN PART

United States District Court
For the Northern District of California

1    597, 600 (emphasizing the need for evidence that the Legislature clearly intended to authorize a

2    private right of action).[4]

3          Thus, for the reasons set forth above, the Court finds that Section 450 does not create a

4    private right of action.  Accordingly, Plaintiff's Section 450 claim must be dismissed.  Moreover,

5    because Section 450 does not provide a private right of action, Plaintiff cannot plausibly amend the

6    Complaint to allege a claim under this section.  Consequently, the Court denies leave to amend as

7    to this claim.  *See Carvalho*, 629 F.3d at 892–93 (stating that a court has "discretion to deny leave

8    to amend due to… futility of amendment.") (internal citations and quotation marks omitted).

9          **C.    Third Cause of Action for Violation of California Labor Code §§ 1194, 1194.2, 1197, and 1197.1**

10          Defendant also argues that Plaintiff's third cause of action alleging violations of certain

11   minimum wage laws, specifically, California Labor Code §§ 1194, 1194.2, 1197, and 1197.1, must

12   be dismissed.  *See* Mot. at 7.  Plaintiff's third cause of action alleges that Defendant failed to pay

13   minimum wages for all hours worked in violation of certain California laws, specifically California

14   Labor Code §§ 1194, 1194.2, 1197, and 1197.1.  FAC ¶¶ 45-53.  Plaintiff alleges that Defendant is

15   liable for failure to pay the minimum wage law because, by requiring Plaintiff and other class

16

17   [4] The Court additionally notes that Section 218 expressly states that it applies to "wages or penalty
     due… *under this article*."  Cal. Lab. Code § 218 (emphasis added).  Significantly, Section 450 is
18   not located in the same article as Section 218.  Section 218 is located in Chapter 1 of the Labor
     Code in Article 1, which is entitled "General Occupations" and consists of Sections 200-243.  By
19   contrast, Section 450 is located in Chapter 3 of the Labor Code in Article 4, which is entitled
     "Purchases" and consists of Sections 450-451.  Given Section 218's use of "under this article," the
20   district court in *Benitez* stated that "[S]ection 218 [only] empowers a wage claimant to sue directly
     to recover any wages or penalties personally due the employee under Article 1" *Benitez*, 2009 WL
21   498085 at *4 n.2.  However, in *Kamar v. RadioShack Corp.*, the Court took the position that,
     notwithstanding Section 218's use of "under this article," Section 218 provides a private of right of
22   action to recover any wages due to the employee, regardless of whether the entitlement for such
     wages arises under Article 1.  *See id.*, CV07-2252AHM(AJWX), 2008 WL 2229166 (C.D. Cal.
23   May 15, 2008) (rejecting RadioShack's argument "that any private right of action in section 218,
     which refers to wages 'due ... under' Article 1, should not include split shift premiums and
24   reporting time pay, because they are" provided for in Industrial Welfare Commission Order No. 7-
     2001 and not in Article 1).  This Court does not take a position on whether *Benitez* or *Kamar* is
25   correct with respect to whether Section 218's authorization for a private right of action extends
     only to actions to recover wages for which statutes located in Article 1 provide.  However, the
26   Court notes that Section 218's use of the phrase "under this article" further undermines the Court's
     ability to discern a clear legislative intent to authorize an action under Section 450 as it is not
27   contained in the same article as Section 218.

28
                                                      9

     Case No.: 12-CV-05445-LHK
     ORDER GRANTING IN PART AND DENYING IN PART

**United States District Court**
For the Northern District of California

1    members to purchase Aerosoles shoes from Defendant, Defendant effectively reduced Plaintiff's

2    compensation below the minimum wage.  Defendant argues that Plaintiff's claim must be

3    dismissed because the failure to reimburse an employee for expenses cannot serve as the basis for a

4    minimum wage violation under Sections 1194, 1194.2, 1197, and 1197.1.  For the reasons set forth

5    below, the Court disagrees.

6           Below, the Court will first discuss the relevant statutory framework and the parties'

7    arguments.  The Court will then resolve the question of whether an employee may pursue a claim

8    for a violation of the minimum wage laws where an employer has required the employee to make

9    expenditures which effectively cause the employee's wages to fall below the minimum wage.

### 1.        Relevant Statutory Framework

11          As a threshold matter, the Court discusses several of the statutes and regulations that will be

12   relevant to the Court's decision below.

13          In California, the minimum wage is set forth in Industrial Welfare Commission Order No.

14   7-2001 ("Order No. 7-2001")[5].  Section 4 of Order No. 7-2001 ("Order No. 7-2001(4)") provides:

15   "Every employer shall pay to each employee wages not less than seven dollars and fifty cents

16   ($7.50) per hour for all hours worked, effective January 1, 2007, and not less than eight dollars

17   ($8.00) per hour for all hours worked, effective January 1, 2008…."  Section 9 of the same

18   Industrial Welfare Commission Order provides that employers must reimburse employees for

19   uniforms.  *See* Industrial Welfare Commission Order No. 7-2001(9) ("Order No. 7-2001(9)")

20   ("When uniforms are required by the employer to be worn by the employee as a condition of

21   employment, such uniforms shall be provided and maintained by the employer.").

22          With respect to the four statutes cited in Plaintiff's third cause of action (California Labor

23   Code §§ 1194, 1194.2, 1197, and 1197.1), Section 1197 provides that "[t]he minimum wage for

24   employees fixed by the commission is the minimum wage to be paid to employees, and the

25   payment of a less wage than the minimum so fixed is unlawful." Cal. Lab. Code § 1197.  Section

26   1197.1 imposes on employers who fail to pay the minimum wage, penalties of $100 or $250 (the

27   amount depending on the number of pay-periods in which the employer has violated the law).  Cal.

28

---

[5] available at http://www.dir.ca.gov/iwc/wageorderindustries.htm

10

United States District Court
For the Northern District of California

1    Lab. Code § 1197.1.  These penalties are in addition to  "restitution of wages payable to the

2    employee."  *Id.*  Section 1194 provides a private cause of action to recover unpaid wages where an

3    employee is paid less than the minimum wage.  *See* Cal. Lab. Code § 1194(a).[6]  Finally, Section

4    1194.2 provides that an employee who has not been paid the minimum wage may "recover

5    liquidated damages."  Cal. Lab. Code § 1194.2.

6         One other statute that is relevant to the Court's discussion below is California Labor Code §

7    2802.  Section 2802 provides employees who have been required to pay work-related expenses

8    with a cause of action against their employer to recover such expenses.  Specifically, Section 2802

9    provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or

10   losses incurred by the employee in direct consequence of the discharge of his or her duties, or of

11   his or her obedience to the directions of the employer, even though unlawful, unless the employee,

12   at the time of obeying the directions, believed them to be unlawful."  Cal. Lab. Code § 2802.

         2.      **The Parties' Arguments**

14        Defendant argues that Plaintiff has not (and cannot argue) that she was ever actually paid an

15   hourly wage that was less than minimum wage, and that the "plain language" of both Order No. 7-

16   2001(4) and Section 1194 requires that Plaintiff allege that she received an hourly rate that was less

17   than the minimum wage.  *See* Mot. at 7-8.  Defendant also argues that Plaintiff's theory that

18   Defendant's failure to reimburse Plaintiff for business expenses violated the minimum wage laws

19   because it "constructively" caused Plaintiff's wages to fall below the minimum wage is "novel"

20   and has not been recognized in any prior case.  *See id.* at 8.  Moreover, Defendant argues that the

21   California Supreme Court has held that work-related expenses are distinct from wages.  *See id.*

22   (*Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 572 (2007) ("Section 200 highlights a

23   valid and important distinction between wages (as payment for labor performed) and business

24   expense reimbursement.")).  Accordingly, Defendant argues that Plaintiff's claim must fail.

25

---

26   [6] Section 1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee
     receiving less than the legal minimum wage or the legal overtime compensation applicable to the
27   employee is entitled to recover in a civil action the unpaid balance of the full amount of this
     minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees,
28   and costs of suit."

11

Case No.: 12-CV-05445-LHK
ORDER GRANTING IN PART AND DENYING IN PART

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1        In response to Defendant's argument, Plaintiff directs the Court's attention to *Arriaga v.*

2    *Florida Pac. Farms, L.L.C.*, in which the Eleventh Circuit held that an employer's failure to

3    reimburse workers for certain expenses violated the Fair Labor Standards Act's ("FLSA")

4    minimum wage requirements.  *Id.*, 305 F.3d 1228 (11th Cir. 2002).  Plaintiff argues that this Court

5    should similarly permit Plaintiff to raise a claim under California's minimum wage laws based on

6    Defendant's failure to reimburse Plaintiff for her purchases of Aerosoles shoes.  Opp'n at 4-5.

7    Defendant responds that *Arriaga* is inapposite.  Reply at 5-6.

8        **3.        Sections 1194, 1194.2, 1197, and 1197.1 Permit an Action Based on
            Unreimbursed Expenses**

9        Having discussed the relevant statutes and the parties' arguments, the Court proceeds to

10   consider whether Plaintiff's third cause of action should be dismissed.  As will be set forth below,

11   the Court concludes that Plaintiff's third cause of action should not be dismissed.  Below the Court

12   will address: (1) the parties' arguments regarding the *Arriaga* decision; (2) the significance of the

13   availability of a cause of action of unreimbursed expenses under Section 2802; and (3) Defendant's

14   remaining arguments.

15        **a.        While *Arriaga* Addressed Federal Law and is Therefore Not
               Directly Applicable, the Court is Nevertheless Persuaded that
               California's Minimum Wage Laws Would Permit an Action
               Based on Unreimbursed Expenses**

16

17

18        First, the Court addresses Plaintiff's argument that the Eleventh Circuit's decision in

19   *Arriaga* supports her claim.  *See* Opp'n at 4-5.  Defendant argues that *Arriaga* is distinguishable

20   because the plaintiffs in that case sought relief under FLSA and not under California Labor Codes

21   §§ 1194, 1194.2, 1197, and 1197.1.  *See* Reply at 5-6.  The Court generally agrees with Defendant

22   that there are differences between the federal and state labor laws with respect to the amount of

23   protection afforded to employees for unreimbursed expenses, as well as the extent to which each

24   legislative scheme explicitly takes business expenses into account in determining whether there has

25   been a minimum wage violation.  Nevertheless, the Court believes that the California laws, like the

26   federal laws, would allow for a minimum wage claim under these circumstances.

27        As a threshold matter, the Court recognizes that federal labor law and California labor law

28   differ in their approaches to unreimbursed expenses and minimum wage violations.  As recognized

12

Case No.: 12-CV-05445-LHK
ORDER GRANTING IN PART AND DENYING IN PART

United States District Court
For the Northern District of California

1    by the Court in *California Dairies Inc. v. RSUI Indem. Co.*, FLSA does not, as a general rule,

2    require employers to reimburse employees for work related expenses.  *See id.*, 617 F. Supp. 2d

3    1023, 1045 (E.D. Cal. 2009).  Instead, FLSA requires "an employer to reimburse the employee

4    for… [such expenses only] if failure to do so would reduce their wages below the minimum wage."

5    *Id*.  To this end, the federal statutes and regulations regarding minimum wages explicitly consider

6    whether an employee has been reimbursed for expenses in determining whether there has been a

7    minimum wage violation.  For example, Title 29, Section 531.35 of the Code of Federal

8    Regulations provides that:

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by
> the employer and received by the employee unless they are paid finally and
> unconditionally or "free and clear." The wage requirements of the Act will not be met
> where the employee "kicks-back" directly or indirectly to the employer or to another
> person for the employer's benefit the whole or part of the wage delivered to the
> employee. This is true whether the "kick-back" is made in cash or in other than cash.
> For example, if it is a requirement of the employer that the employee must provide
> tools of the trade which will be used in or are specifically required for the
> performance of the employer's particular work, there would be a violation of the Act
> in any workweek when the cost of such tools purchased by the employee cuts into the
> minimum or overtime wages required to be paid him under the Act.

29 C.F.R. § 531.35; *see also* 29 C.F.R. § 531.36(b) (providing that an employer may require an

employee to bear the cost of "tools, miners' lamps, dynamite caps, and other items which do not

constitute 'board, lodging, or other facilities'" so long as such expenses do not "reduce the wages

of the employee… below the minimum required by the Act").

California labor laws take a somewhat different approach with respect to expenses and the

minimum wage.  First, in contrast to the federal law, which, as set forth above, only requires

employers to reimburse workers for expenses where the failure to do so would reduce the worker's

wage to below the minimum wage, California labor law protects workers from having to bear the

cost of any work-related expense, regardless of whether the additional expense causes the

employee's salary to fall below minimum wage.  *California Dairies Inc.*, 617 F. Supp. 2d at 1045.

Indeed, as observed above, in order to accomplish its goal of ensuring all employees are

reimbursed for work-related expenses, the California Labor Code includes a specific, "stand-alone

provision," Section 2802, whose "purpose… is to 'protect employees from suffering expenses in

13

Case No.: 12-CV-05445-LHK
ORDER GRANTING IN PART AND DENYING IN PART

1    direct consequence of doing their jobs.'" *Id.* (quoting *People v. Short*, 160 Cal. App. 4th 899, 905

2    (2008)).  No such provision is included in FLSA.  *Id.*  Second, unlike the federal statutes and

3    regulations governing minimum wages, the California minimum wage statutes upon which Plaintiff

4    relies do not explicitly consider unreimbursed expenses in determining whether there has been a

5    minimum wage violation.  *See e.g.* Cal. Lab. Code § 1194(a) ("…[A]ny employee receiving less

6    than the legal minimum wage or the legal overtime compensation applicable to the employee is

7    entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or

8    overtime compensation…."); *see id.* § 1197.1(a) ("Any employer… who pays or causes to be paid

9    to any employee a wage less than the minimum fixed by an order of the commission shall be

10   subject to a civil penalty.").

11           Nevertheless, notwithstanding the differences in federal and state law, the Court is

12   persuaded that the failure to reimburse an employee for expenses may violate California Labor

13   Code §§ 1194, 1194.2, 1197, and 1197.1.  The federal statutes and regulations reflect a concern

14   that employers will "shift… cost[s]" onto workers and thereby drive workers' wages below the

15   minimum wage.  *See Arriaga*, 305 F.3d at 1236.  There is no reason to believe that the California

16   Legislature would not have shared this concern and sought to afford workers with similar

17   protection against minimum wage violations in cases involving cost shifting.

18           Indeed, albeit in a different context, the California Court of Appeal has recognized that

19   "California's labor statutes reflect a strong public policy in favor of full payment of wages for all

20   hours worked," and that the California Legislature "inten[ded] to protect the minimum wage rights

21   of California employees to a greater extent than federally…."  *Armenta v. Osmose, Inc.*, 135 Cal.

22   App. 4th 314, 324 (2005) (holding that employer could not combine unpaid hours and hours paid at

23   rate above minimum wage to show that, on average, employees received the minimum wage and

24   thereby avoid liability under minimum wage laws).  Moreover, intuitively, it makes sense that the

25   Legislature would intend to afford employees protection in these circumstances.  An employee who

26   has ostensibly been paid the minimum wage but has been required to make an expenditure which

27   reduces the employee's net income below the minimum wage is, in essence, in the same position as

28   an employee who was paid less than the minimum wage at the outset.  Both have been required to

14

Case No.: 12-CV-05445-LHK
ORDER GRANTING IN PART AND DENYING IN PART

*United States District Court*
For the Northern District of California

1    satisfy their living expenses with less than the minimum wage.  In light of these factors, the Court

2    believes that Sections 1194, 1194.2, 1197, and 1197.1 should be construed as permitting a cause of

3    action where an employee has been required to bear expenses which effectively cause the

4    employee's wages to fall below the minimum wage.

                    b.      The Availability of a Cause of Action for Unreimbursed
5                           Expenses Under Section 2802 Does Not Persuade the Court that
6                           Plaintiff's Minimum Wage Claim Should be Dismissed

7         In reaching this conclusion, the Court acknowledges that an argument could be made that,

8    while the Legislature intended to protect employees who have been required to bear expenses

9    which effectively cause the employee's wages to fall below the minimum wage, it did not intend to

10   afford them protection through the minimum wage laws, but rather through Section 2802, which

11   explicitly addresses unreimbursed expenses.  Indeed, as noted by Defendant, Plaintiff's second

12   cause of action seeks recovery under Section 2802 for the very same expenditures that underlie

13   Plaintiff's third cause of action.  *See* Mot. at 8.  Nevertheless, the Court is not persuaded that the

14   availability of a remedy under Section 2802 is evidence that the Legislature intended to foreclose

15   an action under Sections 1194, 1194.2, 1197, and 1197.1.

16        An employer who causes an employee to bear expenses which reduce the employee's net

17   pay below the minimum wage has committed two wrongs.  First, the employer has not reimbursed

18   the employee for expenses as required by Section 2802.  Second, the employer has caused the

19   employee to have to satisfy the employee's living expenses with less than the minimum wage.

20   Notably, different penalties apply where an employer is alleged have committed the latter wrong.

21   *See e.g.* Cal. Lab. Code § 1197.1 (providing for penalties of $100 (in addition to the amount of any

22   unpaid wages) for an initial violation of the minimum wage law and $250 for each subsequent

23   violation).  Accordingly, the availability of a cause of action for unreimbursed expenses under

24   Section 2802 does not persuade the Court that the Legislature did not also intend that employers

25   would be liable under the minimum wage laws where the employer has caused the employee to

26   bear expenses which cause the employee's net wages to fall below the minimum wage law.

27

28

Case No.: 12-CV-05445-LHK
ORDER GRANTING IN PART AND DENYING IN PART

**United States District Court**
For the Northern District of California

1

### c. The Court is Not Persuaded by Defendant's Remaining Arguments

2

Defendant's remaining arguments also do not persuade the Court that Plaintiff's claim

3

should be dismissed. As set forth above, Defendant argues that Plaintiff's claim should be

4

dismissed because: (1) the "plain language" of both Order No. 7-2001(4) and Section 1194 requires

5

that Plaintiff allege that she received an hourly rate that was less than the minimum wage, *see* Mot.

6

at 7-8, and (2) the California Supreme Court has held that work-related expenses are distinct from

7

wages, *see id.* at 8 (citing *Gattuso*, 42 Cal. 4th at 572). Both arguments fail.

8

### i. "Plain Language" of Order No. 7-2001(4) and Section 1194

9

10

First, the Court addresses Defendant's argument that the "plain language" of both Order

No. 7-2001(4) and Section 1194 bar Plaintiff's claim because these statutes require Plaintiff to

11

"allege that she actually received less than the minimum wage." *See* Mot. at 7-8. As set forth

12

*supra*, Order No. 7-2001(4) provides that: "[e]very employer shall pay to each employee wages not

13

less than seven dollars and fifty cents ($7.50) per hour for all hours worked, effective January 1,

14

2007, and not less than eight dollars ($8.00) per hour for all hours worked, effective January 1,

15

2008…." Section 1194 states that: "Notwithstanding any agreement to work for a lesser wage, any

16

employee receiving less than the legal minimum wage or the legal overtime compensation

17

applicable to the employee is entitled to recover in a civil action the unpaid balance of the full

18

amount of this minimum wage or overtime compensation, including interest thereon, reasonable

19

attorney's fees, and costs of suit." Cal. Lab. Code § 1194(a). While, these statutes use the terms

20

"pay," Order No. 7-2001(4), and "receiv[e]," Cal. Lab. Code § 1194(a), the Court is not persuaded

21

that the statute's use of these terms was meant to foreclose a minimum wage claim, where, as here,

22

an employee has technically received payments consistent with the minimum wage, but then been

23

required to make expenditures which effectively reduce the employee's pay below the minimum

24

wage. Interpreting Order No. 7-2001(4) and Section 1194 to but an action in these circumstances

25

is consistent with the "strong public policy in favor of full payment of wages for all hours worked."

26

*Armenta*, 135 Cal. App. 4th at 324. Accordingly, the Court rejects Defendant's plain language

27

argument.

28

16

Case No.: 12-CV-05445-LHK
ORDER GRANTING IN PART AND DENYING IN PART

**United States District Court**
For the Northern District of California

1

### ii. *Gattuso* Does Not Compel the Court to Reach a Different Conclusion

2

The Court is also not persuaded by Defendant's argument that the California Supreme

3

Court's decision in *Gattuso* bars Plaintiff from pursuing a minimum wage claim based on

4

Defendant's failure to reimburse her for the cost of her shoes. *See* Mot. at 8.

5

In *Gattuso*, the Court considered whether employers should be permitted to satisfy their

6

"expense reimbursement obligation[s] [relating to certain automobile expenses] under [S]ection

7

2802 by paying employees enhanced compensation in the form of increases in base salary or

8

commission rates." *Id.*, 42 Cal. 4th at 575. The *Gattuso* Court concluded that they should. *Id.*

9

However, the *Gattuso* Court held that employers who chose to reimburse employees for expenses

10

through increased compensation had to: (1) "establish[] some means to identify the portion of

11

overall compensation that is intended as expense reimbursement," and (2) ensure that the amounts

12

allocated to expense reimbursement "are sufficient to fully reimburse the employees for all

13

expenses actually and necessarily incurred." *Id.* The Court explained that the reason for the

14

imposition of these dual requirements was its recognition of the fact that "wages and expense

15

reimbursement[s] are conceptually distinct and subject to different statutory and sometimes also

16

contractual constraints …." *Id.* at 572. Requiring employers to identify which portions of

17

payments to employees are for wages and which are to reimburse employees for business expenses

18

was therefore necessary to ensure that employers could not "combine… payments for [wages and

19

expenses] in a way that would seriously hamper or effectively preclude enforcement of the various

20

statutory and contractual obligations." *Id.*

21

The *Gattuso* Court's recognition of the distinction between wages and expenses fails to

22

persuade the Court that Plaintiff's minimum wage claim must be dismissed. As set forth above, the

23

reason the *Gattuso* Court felt it important to recognize the "conceptual[] distinct[ion]" between

24

wages and expense reimbursements, *id.* at 572, was because such recognition would ensure that

25

employers could not "hamper or effectively preclude enforcement of the… statutory and

26

contractual obligations" relating to wages and expense reimbursements by combining wages and

27

expenses into a single payment. *Id.* In other words, the *Gattuso* Court's chief concern was

28

17

Case No.: 12-CV-05445-LHK
ORDER GRANTING IN PART AND DENYING IN PART

*United States District Court*
*For the Northern District of California*

1          ensuring that employers "discharged all of [their] legal obligations as to both wages and business

2          expense reimbursement." *Id.* at 573.

3                  Here, Defendant asks the Court to apply the distinction between wages and business

4          expense reimbursements in a way that would be detrimental to the enforcement of the minimum

5          wage laws.  Plaintiff alleges that Defendant required her to make expenditures which effectively

6          reduced her wages below the minimum wage.  Concluding that Plaintiff could not recover upon

7          such a claim because of the "conceptual[] distinct[ion]" between wages and expense

8          reimbursements would "hamper" the effective enforcement of the minimum wage laws.  *Id.* at 572.

9          Thus, the Court is not persuaded that dismissing Plaintiff's claim would be consistent with *Gattuso*.

10                 Furthermore, the distinction between wages and expenses recognized in *Gattuso* may not

11         even apply in this case.  The expenses at issue in *Gattuso* were automobile expenses, whereas the

12         present case deals with expenses associated with Aerosoles shoes, which were arguably purchased

13         as part of Plaintiff's uniform.  A number of California courts have held that reimbursements for

14         uniform expenses are wages.  *See e.g. In re Work Unif. Cases*, 133 Cal. App. 4th 328, 338 (2005)

15         (holding that "payment[s] to employees for work uniforms [pursuant to Section 2802 are]… a part

16         of the employees' compensation and should be considered like any other payment of wages,

17         compensation or benefits"); *UI Video*, 55 Cal. App. 4th at 1091-92 (holding that regulation

18         providing right to be reimbursed for uniform expenses effectively "increase[d] the... employees'

19         wages by the amount which in the absence of the regulation they would have to pay towards the

20         cost of their uniforms") (internal citations omitted); *Cf Ventura Cnty. Deputy Sheriffs' Assn. v. Bd.*

21         *of Ret.*, 16 Cal. 4th 483, 496-97 (1997) (discussing *Rose v. City of Hayward,* 126 Cal. App. 3d 926,

22         940 (1981), and the *Rose* Court's holding that employees' uniform allowances were part of their

23         compensation for the purposes of determining benefits under Public Employees' Retirement Law).

24                 While these decisions predate *Gattuso*, *Gattuso* did not reject or overrule them.  Indeed,

25         *Gattuso* mentioned *In re Work Uniform* in passing, but did not explicitly address or reject the *In re*

26         *Work Uniform* case's holding that amounts paid as reimbursement for uniform expenses were

27         wages.  *Gattuso*, 42 Cal. 4th at 562 (holding that *In re Work Uniform* and one other case

28         "concerning [S]ection 2802 's application to public entity employers" were "[n]ot relevant" and

18

Case No.: 12-CV-05445-LHK
ORDER GRANTING IN PART AND DENYING IN PART

*United States District Court*
For the Northern District of California

1   "unhelpful" in resolving the issues in the *Gattuso* case).  The fact that the *Gattuso* Court considered

2   *In re Work Uniform*, and, by implication, other cases like it, and, nevertheless, chose not to reject

3   *In re Work Uniform*'s holding that reimbursements for uniform expenses were wages suggests that

4   the holdings in these cases remain good law.  Accordingly, to the extent Defendant requests that

5   the Court dismiss Plaintiff's claim based on *Gattuso's* recognition of the strict "conceptual[]

6   distinct[ion]" between wages and expense reimbursements, *id.* at 572, it is not clear that the

7   distinction applies with equal force to expenses associated with shoes that Plaintiff purchased as

8   part of a uniform.  The Court is therefore not persuaded that *Gattuso* requires dismissal of

9   Plaintiff's third cause of action.

### d.   Conclusion Regarding Plaintiff's Third Cause of Action

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss as to

Plaintiff's third cause of action alleging violations of Sections 1194, 1194.2, 1197, 1197.1.  The

Court finds that, under the circumstances of this case, where the Plaintiff has been required to

purchase articles of clothing which arguably constitute a uniform and the cost of these purchases

has effectively reduced Plaintiff's wages below the minimum wage, Plaintiff's minimum wage

claim should be allowed to proceed.

### D.   Fourth Cause of Action for a Violation of California Labor Code § 203

The final cause of action that Defendant moves to dismiss is Plaintiff's fourth cause of

action for a violation of California Labor Code § 203.  *See* Mot. at 9; FAC ¶¶ 54-56.  Defendant

argues that Plaintiff's fourth cause of action fails under Federal Rule of Civil Procedure 8 because

Plaintiff has failed to allege facts sufficient to support her claim.  *See* Mot. at 9; *Twombly*, 550 U.S.

at 570 (requiring that Plaintiff allege "enough facts to state a claim to relief that is plausible on its

face.").  The Court agrees.

Section 203 provides that "[i]f an employer willfully fails to pay, without abatement or

reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an

employee who is discharged or who quits, the wages of the employee shall continue as a penalty

from the due date thereof at the same rate until paid or until an action therefor is commenced; but

the wages shall not continue for more than 30 days."  Cal. Lab. Code § 203.

19

Case No.: 12-CV-05445-LHK
ORDER GRANTING IN PART AND DENYING IN PART

*left margin:* United States District Court / For the Northern District of California

United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Here, Plaintiff's factual allegations in support of Plaintiff's Section 203 claim consist of the following statement "Plaintiff and all members of Class IV who terminated their employment without being paid all wages due upon termination are entitled to penalties up to and including 30 days of full pay as waiting penalties." FAC ¶ 56. Plaintiff has, in essence, just restated the language of Section 203. Plaintiff has not alleged facts showing that Defendant willfully refused to pay Plaintiff her wages after she was discharged or quit. *See* Section 203. Consequently, Plaintiff's Section 203 claim must be dismissed. However, because Plaintiff may be able to amend her Complaint to allege facts supporting her Section 203 claim, this claim is dismissed without prejudice. *See Lopez,* 203 F.3d at 1127 (holding that "a district court should grant leave to amend… unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

## IV.    CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss as to Plaintiff's first and fourth causes of action. Plaintiff's first cause of action is dismissed without leave to amend. Plaintiff's fourth cause of action is dismissed with leave to amend. The Court DENIES Defendant's Motion as to Plaintiff's third cause of action.

If Plaintiff wishes to file an amended complaint addressing the deficiencies identified with respect to Plaintiff's fourth cause of action, she must do so within 21 days of this Order. Plaintiff may not add new claims or parties without seeking Defendant's consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15. If Plaintiff fails to file an amended complaint within 21 days of this Order or to cure the deficiencies addressed in this Order, Plaintiff's fourth cause of action shall be considered dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: May 8, 2013

_Lucy H. Koh_____

LUCY H. KOH
United States District Judge

20

Case No.: 12-CV-05445-LHK
ORDER GRANTING IN PART AND DENYING IN PART