1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

11
12
13

JESSICA SANCHEZ, on behalf of
herself and all others similarly
situated,

14

          Plaintiff,

15

     v.

16
17
18
19

AEROGROUP RETAIL
HOLDINGS, INC.,  Delaware
Corporation doing business in
California,

20

          Defendants.

21
22
23
24
25
26
27
28

Case No.: CV12-05445 LHK

**[PROPOSED]** ORDER GRANTING
MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT AND
APPLICATION FOR APPROVAL
OF (1) ATTORNEYS' FEES AND
COSTS; (2) CLASS
REPRESENTATIVE'S SERVICE
PAYMENT; AND (3)
SETTLEMENT
ADMINISTRATION EXPENSES

DATE: October 16, 2014
TIME: 1:30 p.m.
COURTROOM: 8
JUDGE: Hon. Lucy H. Koh

First Amended Complaint Filed:
September 20, 2012

The Court conducted a hearing regarding the fairness and final approval of the Joint Stipulation of Settlement and Release and Amendment to Joint Stipulation of Settlement and Release and Plaintiff's unopposed renewed application for approval of attorneys' fees and costs, the Class Representative's service payment, and settlement administration expenses on October 16, 2014, at 1:30 p.m., the Honorable Lucy H. Koh presiding.  The parties appeared by and through their respective counsel of record.  After considering the papers and the arguments of counsel, and good cause appearing, the Court GRANTS Plaintiff's Unopposed Renewed Motion for Final Approval of Class Action Settlement and Plaintiff's Unopposed Renewed Application for Approval of Attorneys' Fees and Costs, Class Representative's Service Payment, and Settlement Administration Expenses and rules as follows.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Joint Stipulation of Settlement and Release and Amendment to Joint Stipulation of Settlement and Release (hereafter, the "Amended Settlement Agreement") and all definitions set forth therein are hereby incorporated with and made part of this Order Granting Motion for Final Approval of Class Action Settlement and Application for Approval of (1) Attorneys' Fees and Costs, (2) Class Representative's Service Payment, and (3) Settlement Administration Expenses ("Final Order and Judgment").

2. This Court has jurisdiction over the subject matter of this Action and all parties to this Action, including all Class Members. **Specifically, Class Members is defined to include all current and former female employees who are or were employed by**

**Defendant in any one of Defendant's California retail locations and subject to Defendant's dress code at any time from July 19, 2008 through January 6, 2014, the date this Court granted Preliminary Approval of the Settlement**.

3. The Amended Settlement Agreement, and the terms set forth therein, were the product of protracted, arms' length negotiations between experienced counsel, assisted by a respected mediator.  Accordingly, the Amended Settlement Agreement, and the terms set forth therein, are hereby found and determined to be fair, reasonable, adequate, and in the best interests of the Class and are hereby approved and ordered to be performed by all parties.  In so concluding, the Court has thoroughly considered such factors as the strength of Plaintiff's case and risk, the expense, complexity, and likely duration of further litigation, the risk of maintaining class action status throughout a trial, the amount offered in settlement, the extent of discovery completed at the stage of the proceedings, experience of counsel, and the reaction of the Class Members to the proposed settlement.  The Court further notes that there have been no objections by any Class Members to any aspect of the settlement.  The only differences between the original Joint Stipulation of Settlement and Release entered into by the parties and the Amendment to Joint Stipulation of Settlement and Release are:  1) the Amendment to Joint Stipulation of Settlement and Release eliminated the need for the Class Members to submit a Claim Form in order to receive an Individual Settlement Payment which resulted in elimination of the reversion to Defendant as provided for in Section 4.8.3 of the Joint Stipulation of Settlement and Release; and 2) the Amendment to Joint Stipulation of Settlement and

Release eliminated any payment to a cy pres charity and instead the entire Net Settlement Amount shall be distributed to the Class Members.  The Amendment to Joint Stipulation of Settlement and Release does not affect the amount of the Individual Settlement Payments to Class Members because the Individual Settlement Payment amounts are based on the number of workweeks that each Class Member was employed and was independent of the number of Participating Class Members. The calculation of the Individual Settlement Payment amounts has not changed as a result of the Amendment to Joint Stipulation of Settlement and Release.

4. The Court finds that the form, manner and content of the Notice Packet as detailed in the Amended Settlement Agreement and Exhibits thereto provided a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby met the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and constituted due and sufficient notice to all Class Members of (1) the pendency of the parties' settlement, (2) all material terms of the proposed settlement, and (3) the opportunity to be excluded from, or otherwise object to, the proposed class settlement. Elizabeth DiTirro of ILYM Group, Inc., the "Claims Administrator," has filed a declaration with the Court concerning the dissemination of the Notice Packet, the status of claims, and objections.  The Declaration demonstrates that this Court's orders stemming from the preliminary approval of the parties' settlement have been complied with and, further, that the best notice practicable and possible under the circumstances was in fact given

to the Class Members and constituted valid, due, and sufficient notice to the Class Members, complying fully with all applicable statutes and laws. Specifically, individual notice was provided to all Class Members by regular mail at their last known mailing address on file with Defendant, or an updated address obtained by the Claims Administrator.

5. This Final Order and Judgment applies to all claims or causes of action settled and released under the terms of the Amended Settlement Agreement, and shall be fully binding with respect to all Class Members, pursuant to the Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement entered by this Court on January 6, 2014. By operation of the entry of the Final Order and Judgment and pursuant to the Amended Settlement Agreement, each and every Class Member who did not timely submit a valid request for exclusion is and shall be deemed to be bound by the release and waiver set forth in the Joint Stipulation of Settlement and Release and this Final Order and Judgment shall have the force and effect of res judicata as to them.

6. By operation of the entry of the Final Order and Judgment and pursuant to the Amended Settlement Agreement, all Class Members who did not file a valid and timely request for exclusion are hereby barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any Released Claims which they had, or have, against Defendant or any of the Released Parties.  Further, named plaintiff, Jessica Sanchez, is hereby barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any claim covered

by the general release and waiver set forth in the Joint Stipulation of Settlement and Release, which she had, or has, against Defendant or any of the Released Parties.

7. The Parties entered into this Amended Settlement Agreement solely for the purpose of compromising and settling disputed claims. Neither the Amended Settlement Agreement nor any of the terms set forth in the Amended Settlement Agreement may be construed or used as an admission by Defendant or any of the Released Parties of liability nor is this Final Order and Judgment a finding of the validity of any claims in the Class Action Complaint or of any wrongdoing by Defendant or any of the Released Parties.  In addition, the Amended Settlement Agreement is not an admission nor is this Final Order and Judgment a finding that the certification of the Class is proper for any purpose or proceeding other than for settlement purposes in the present case.  Furthermore, neither the Amended Settlement Agreement, nor any document, statement, proceeding, or conduct related to the Amended Settlement Agreement, nor any reports or accounting of those matters, will be (1) construed as, offered, or admitted in evidence as, received, as, or deemed to be evidence for any purpose adverse to Defendant, including, but not limited to, evidence of fault, wrongdoing, omission, concession or damage or (2) disclosed, referred to, or offered in evidence against Defendant, and any further proceeding in this action, or any other civil, criminal, or administrative action or proceeding except for purposes of effectuating this settlement.  The Amended Settlement Agreement and this Final Order and Judgment may be admitted in evidence and otherwise used in any other

proceeding to enforce any or all of the terms set forth therein, or in defense of any claims released by the Amended Settlement Agreement.

8. The Court finds that Scott A. Miller, Bonnie Fong and Kelly Ann Buschman of The Law Offices of Scott A. Miller are qualified to represent the Settlement Class and confirms their appointment as Class Counsel. Class Counsel's actual fees incurred in this matter amount to $104,956.25, which is a conservative estimate that does not include time Plaintiff's counsel spent preparing for and attending the final approval hearing and the time Plaintiff's counsel will spend assisting the Claims Administrator in the claims administration of this matter. Additionally, Plaintiff's counsel will perform a Lexis public records search to attempt to obtain a current address for any Individual Settlement Payments returned due to an incorrect address, without requesting any additional attorneys fees for these searches. These Lexis public records searches are in addition to any searches performed by the Claims Administrator. The Court hereby grants Class Counsel's request for an award of attorneys' fees and costs in the amount of $105,825.44 for fees plus $13,807.89 in costs to be paid from the Total Settlement Amount. The amount of attorneys' fees awarded exceeds the lodestar by only $869.19 and represents a multiplier of approximately 1.1%. The Court finds that the amount of this award is fair and reasonable in light of the efforts expended by Class Counsel in prosecuting this Action and the results obtained.

9. The Court finds and determines that the payment of $2,250.00 to the California Labor and Workforce Development Agency ("LWDA") in settlement of the LWDA's share of the penalties alleged by Plaintiff and compromised under the settlement is fair and reasonable. The Court hereby grants final approval to and orders that the payment of that amount be made to the LWDA out of the Total Settlement Amount in accordance with the terms of the Amended Settlement Agreement.

10. The Court finds that it is appropriate for the Class Representative Jessica Sanchez to be paid $10,000 as a Class Representative Enhancement Award in recognition of her contribution to this litigation and service to the Class, as well as the inherent risk to her in bringing this matter on a class-wide basis.  Specifically, Jessica Sanchez performed important services to Plaintiff's counsel and the Class Members in this matter by investigating and substantiating the claims alleged in this matter; assisting in preparing the complaints in this matter; providing evidentiary documents to Class Counsel; participating in the discovery process by providing lists of proprietary systems utilized by the Defendant to track the time entered by the Class Members and to calculate wages; providing names of documents to be sought by Class Counsel, including employee manuals; providing the name of Defendant's payroll service, the names of supervisors, human resources and payroll personnel as well as other Class Members; participating in the mediation of this matter; and participating in the settlement conference with the settlement Judge in this matter.

It is also extremely important to note the risk Plaintiff took in bringing this matter as a class action.  When a Plaintiff brings a matter as a class action, there is

frequently publicity when a Court approves a settlement on a class wide basis and sometimes even when a class action complaint is merely filed. Potential future employers could become aware of the lawsuit and limit the named Plaintiff's employment opportunities. Employers often see employees who have brought suit against a former employer as "trouble makers" and refrain from hiring them for fear that they will bring a lawsuit against the employers. It is likely the Plaintiff will encounter difficulty, including significant retaliation by potential employers in the retail industry, who view her participation in the lawsuit in a negative light. The Plaintiff in this matter felt that it was important to pursue the litigation in spite of the risks because she wanted to help her co-workers obtain relief for the purchase of the shoes they were required to wear while working for the Defendant and the effect the purchase of those shoes had on their income. The Plaintiff felt because the individual amounts to the class members were relatively small, it would be unlikely that others would want to bring a suit. This is precisely the reason that class actions are the best avenue for these types of cases.

11. The Court approves the payment of settlement administration expenses to ILYM Group, Inc.in the total amount of $12,900.00. This payment shall be made from the Total Settlement Amount.

12. If the Amended Settlement Agreement does not become final and effective in accordance with the terms therein, then this Final Order and Judgment and all orders entered in connection herewith shall be rendered null and void and shall be vacated

and the Parties will return to their positions as those positions existed immediately before the Parties executed the Joint Stipulation of Settlement and Release.

13. The Parties shall bear their own costs and attorneys' fees except as otherwise provided by the Amended Settlement Agreement and the Court's Final Order and Judgment.

14.     The Claims Administrator shall conduct all administration of the Total Settlement Amount. Pursuant to the Amended Settlement Agreement, Defendant shall deposit within fifteen (15) calendar days of the issuance of this Order, the Total Settlement Amount with the Claims Administrator.  The Claims Administrator shall prepare and issue all disbursements of the Net Settlement Amount to Class Members within seven (7) calendar days after the Claims Administrator receives the Total Settlement Amount from the Defendant.  The Claims Administrator shall disburse the Class Representative Enhancement Award to the named Plaintiff, Jessica Sanchez, within seven (7) calendar days after the Claims Administrator receives the Total Settlement Amount from the Defendant.  The Claims Administrator shall disburse attorneys' fees and costs to Class Counsel from the Total Settlement Amount within seven (7) calendar days after the Claims Administrator receives the Total Settlement Amount from the Defendant.   The Claims Administrator shall disburse the LWDA payment to the California Labor and Workforce Development Agency within seven (7) calendar days after the Claims Administrator receives the Total Settlement Amount from the Defendant.  The Claims Administrator shall disburse payment to the Claims Administrator from the Total Settlement Amount within seven (7) calendar

days after the Claims Administrator receives the Total Settlement Amount from the

Defendant.

15. This Action and each and every claim asserted therein is hereby dismissed in its

entirety with prejudice as to Representative Plaintiff and all Class Members.

16. Without affecting the finality of this Final Order and Judgment in any way, the

Court hereby retains continuing jurisdiction over the parties for the purpose of

construing, enforcing and administering this Final Order and Judgment, and the terms

of the Amended Settlement Agreement. The Clerk of the Court is ordered to enter this

Final Judgment forthwith.  Thereafter, the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:_____    _____

October 21, 2014

Honorable Lucy H. Koh
United States District Court Judge